IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CARLOS EDUARDO MARTINEZ BONILLA

Petitioner,

v. Civil Action No. 2:26-cv-1117

WARDEN OF CAROLINE DETENTION FACILITY, *et al.*,

Respondents.

**FINAL ORDER**

This matter is before the Court on the 28 U.S.C. § 2241 petition of Carlos Eduardo Martinez Bonilla ("Petitioner"), a detainee of United States Immigration and Customs Enforcement, seeking immediate release or an individualized bond hearing before an Immigration Judge. Dkt. No. 1. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Civil Rules. Dkt. No. 6.

On October 16, 2026, the Magistrate Judge filed a Report and Recommendation recommending that the Court grant the Petition in part and deny the Petition in part, and enter an order outlining the following:

(1) Petitioner should be provided a fair bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of entry of a final order in this matter;

(2) In the event Petitioner is released on bond by an Immigration Judge, Respondents should be enjoined from rearresting Petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly

noticed immigration or court hearing, (3) he is subject to an administratively final removal order pursuant to 8 U.S.C. § 1231; or (4) an Immigration Court affirmatively concludes that Petitioner is subject to mandatory detention under § 1226(c) through a proper Immigration Court proceeding;

(3) Respondents should be required to file a status report on the status of Petitioner's bond hearing within three days of the bond hearing. The status report will detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

Dkt. No. 10, at 3–4. The Report and Recommendation further recommends that the Petition should be denied to the extent that the Petition seeks immediate release. *Id.* at 3. By copy of the report, the parties were advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge, *id.* at 5, and no objections have been filed.

While the Report and Recommendation was pending, however, Respondents filed a Motion for Partial Vacatur Based on Intervening Events. Dkt. No. 11. In that motion Respondents explain that Petitioner was granted voluntary departure by an Immigration Judge on October 21, 2026, and that Respondents are now seeking partial vacatur of this Court's Order of October 13, 2026, insofar as it precludes federal immigration authorities from removing Petitioner from this District. *Id.* at 2.

Consistent with the terms of the Immigration Judge's Order of October 21, 2026, if Petitioner fails or refuses to timely remove himself, Federal Respondents are permitted to initiate removal. Accordingly, upon consideration of Federal Respondents' Motion for Partial Vacatur Based on Intervening Events, Dkt. No. 11, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED. It is FURTHER ORDERED that this Court's Order of October 13, 2026, Dkt. No. 6, to the extent that it precludes Federal Respondents from removing Petitioner from this District in the

event Petitioner fails to timely remove himself, is hereby VACATED. The petition for a writ of habeas corpus is DISMISSED AS MOOT.

The Clerk is DIRECTED to send a copy of this Order to Petitioner at his address of record and all counsel of record.

It is SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: November 4, 2026